IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KISHEPELE YANNICK YUMA,<br><br>                 Petitioner,<br><br>vs.<br><br>ERIC HOLDER, Attorney General, United States, in his official Capacity, JANET NAPOLITANO, Secretary, Department of Homeland Security, in her official Capacity, GREG JENSEN, Immigration and Customs Enforcement, in his official capacity, MARK FOXALL, Custodian of Petitioner, in his official Capacity, and JON BRUNING, Attorney General, State of Nebraska, in his official Capacity,<br><br>                 Respondents. | 8:12-CV-102<br><br>MEMORANDUM AND ORDER |

       This matter is before the Court on Respondent Mark Foxall's Motion to Dismiss (filing 28), the Motion to Dismiss (filing 30) filed by respondents Eric Holder, Janet Napolitano, and Greg Jensen (collectively, the "federal respondents"), and the Answer (filing 33) filed by respondent Jon Bruning. The Court grants both motions to dismiss, and orders the remaining parties to show cause why the remaining respondent, Jon Bruning, should not be dismissed as well.

       Before discussing the merits of each motion, it will be helpful to briefly summarize the relevant allegations of the operative amended petition (filing 7). The petitioner, Kishepele Yannick Yuma, is a native of the Democratic Republic of the Congo given asylum in the United States in 2002. Filing 7 at 5. Pursuant to a no contest plea, Yuma was convicted of attempted strangulation in Nebraska state court, *see* Neb. Rev. Stat. § 28-310.01, and sentenced to a 1-year term of imprisonment. Filing 7 at 5, 6. Because he stands convicted of an aggravated felony, Yuma is now subject to removal from the United States pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii). As a result, Yuma has been ordered removed from the United States. Filing 7 at 1.

Yuma has filed a state court action collaterally attacking his conviction. Filing 7 at 2. Specifically, he now seeks to withdraw his plea of no contest, claiming that it was the result of ineffective assistance of counsel insofar as counsel allegedly failed to inform him of the immigration consequences of his plea. Filing 7 at 6; *see also* State v. Gonzalez, 807 N.W.2d 759 (Neb. 2012). Nebraska state officials are resisting that effort. Filing 7 at 3. Yuma asserts that he is entitled to a forum in which to collaterally attack what he argues is an unconstitutional conviction. Filing 7 at 3. To that end, Yuma's petition asks the Court to order the respondents to show cause why a writ of habeas corpus should not issue, and to order Bruning to provide a hearing at which it can be determined whether Yuma should be permitted to withdraw his plea.

At the time Yuma filed his petition, he was detained by Immigration and Customs Enforcement and in the custody of the Douglas County, Nebraska jail. Filing 7 at 1. But that is apparently no longer the case. Foxall's motion to dismiss alleges that Yuma has been released from Douglas County's custody. Filing 28. As a result, Foxall—who is only a respondent by virtue of his custody of Yuma—contends that this case is moot as to him, and that the Court therefore lacks jurisdiction.

Although Foxall does not specify the rule under which his motion is made, the Court treats it as a motion to dismiss for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).[1] When such a motion is made, the party asserting subject-matter jurisdiction bears the burden of proof. Great Rivers Habitat Alliance v. FEMA, 615 F.3d 985, 988 (8th Cir. 2010). And Foxall's motion presents a factual attack; when reviewing it, the Court considers matters outside the pleadings, and the nonmovant does not receive the benefit of Fed. R. Civ. P. 12(b)(6) safeguards. Osborn v. United States, 918 F.2d 724, 729 n.6 (8th Cir. 1990). The Court is free to resolve disputed issues of fact, and has substantial authority to determine whether it has jurisdiction. *See* Jessie v. Potter, 516 F.3d 709, 712 (8th Cir. 2008); Osborn, 918 F.2d at 730.

Foxall's motion is supported by evidence showing that Yuma has been released from Douglas County's custody. Filing 29-1. And Yuma has not responded to Foxall's motion. As a result, based on the evidence, the Court finds that Yuma has been released from Douglas County's custody, and that this case is moot with respect to Foxall. *See* Ali v. Cangemi, 419 F.3d 722, 723-24 (8th Cir. 2005) (en banc). There is no longer a live case or controversy

---

[1] A moot case is one that no longer presents an actual, ongoing case or controversy, and a federal court no longer has Article III subject-matter jurisdiction to hear it. *See* ABF Freight Sys., Inc. v. Int'l Bhd. of Teamsters, 645 F.3d 954, 958 (8th Cir. 2011); PFS Distrib. Co. v. Raduechel, 574 F.3d 580, 599-600 (8th Cir. 2009).

between Yuma and Foxall, and the Court lacks subject-matter jurisdiction over any such aspect of Yuma's claim. The Court will grant Foxall's motion to dismiss.

The federal respondents move for dismissal under Rule 12(b)(6). For the purposes of such a motion, the Court must take all of the factual allegations in the complaint as true, but is not bound to accept as true a legal conclusion couched as a factual allegation. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The federal respondents contend that Yuma's petition fails to state a claim that he is entitled to relief, *see* Fed. R. Civ. P. 8(a)(2), because the order to remove him is lawful, and he cannot collaterally attack his state court conviction in a habeas petition against immigration officials.[2] Filing 31. Again, Yuma has failed to respond.

The Court finds merit to the federal respondents' motion, for two reasons. The first, although not directly raised by the federal respondents, is appropriately raised *sua sponte* because it goes to the Court's jurisdiction. 8 U.S.C. § 1252(a)(5) provides in relevant part that "[n]otwithstanding any other provision of law (statutory or nonstatutory) . . . or any other habeas corpus provision . . . a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal . . . ." This provision effectively divests federal district courts of habeas jurisdiction over a removal order. *See Mohamed v. Gonzales*, 477 F.3d 522, 525-26 (8th Cir. 2007). Yuma's argument here, although focused on his underlying state court conviction, is still a challenge to the validity of his removal order; therefore, § 1252(a)(5) applies to bar Yuma's petition. *See Haider v. Gonzales*, 438 F.3d 902, 910 (8th Cir. 2006).

Second, the federal respondents are correct when they contend that Yuma's attempt to collaterally attack his state court conviction does not state a claim for relief in this proceeding. The Eighth Circuit has repeatedly explained that criminal convictions cannot be collaterally attacked in immigration proceedings. *E.g.*, *Hassan v. Holder*, 446 Fed. Appx. 822, 823 (8th Cir. 2012); *Estrada-Dominguez v. Gonzales*, 217 Fed. Appx. 591, 591-92 (8th Cir. 2007); *Izedonmwen v. I.N.S.*, 37 F.3d 416, 417 n.3 (8th Cir. 1994).

---

[2] The Court notes, for completeness, that the federal respondents' motion was supported by several exhibits evidencing Yuma's criminal record, immigration court proceedings, and supervised release after his removal to the Democratic Republic of the Congo was deferred. The Court notes that it may take judicial notice of some public records in deciding a motion to dismiss without treating the motion as one for summary judgment under Fed. R. Civ. P. 56. *See Levy v. Ohl*, 477 F.3d 988, 991-92 (8th Cir. 2007). However, given the legal basis for the federal respondents' arguments, that evidence is unneeded and the Court has not considered it.

And other courts have repeatedly held that the same principle applies regardless of whether the collateral attack is raised in an immigration appeal or in a habeas petition against immigration officials. *E.g.*, *Garcia v. Holder*, 638 F.3d 511, 518 (6th Cir. 2011); *Resendiz v. Kovensky*, 416 F.3d 952, 956-58 (9th Cir. 2005); *Taylor v. United States*, 396 F.3d 1322, 1330 (11th Cir. 2005); *Broomes v. Ashcroft*, 358 F.3d 1251, 1254-57 (10th Cir. 2004), *abrogated on other grounds, Padilla v. Kentucky*, 130 S. Ct. 1473 (2010); *Drakes v. I.N.S.*, 330 F.3d 600, 602-06 (3d Cir. 2003). Those courts have reasoned that because the sentence on the underlying state court conviction has expired, the petitioner is no longer "in custody pursuant to the judgment of a State court" within the meaning of 28 U.S.C. § 2254. *See Resendiz*, 416 F.3d at 957; *Broomes*, 358 F.3d at 1255-56. And considerations relating to the need for finality of convictions and ease of administration preclude a collateral attack. *Taylor*, 396 F.3d at 1330 (citing *Daniels v. United States*, 532 U.S. 374 (2001)); *see also Drakes*, 330 F.3d at 604.

The Court agrees with those courts and likewise concludes that Yuma may not collaterally attack his state court conviction in a habeas petition against immigration officials. Therefore, Yuma has failed to state a claim for relief with respect to those officials, and the federal respondents' motion to dismiss will also be granted.

The remaining defendant is Bruning, in his official capacity as Nebraska Attorney General. Bruning has filed an answer that alleges, in part, that Yuma is currently seeking relief on his alleged claim by pursuing an appeal to the Nebraska Supreme Court. And Yuma himself alleged that he was collaterally attacking his conviction in state court. Although Bruning does not raise the issue directly, these allegations implicate the abstention doctrine of *Younger v. Harris*, 401 U.S. 37 (1971) and its progeny.[3]

Under *Younger*, federal courts should abstain from exercising their jurisdiction if (1) there is an ongoing state proceeding, (2) that implicates important state interests, and (3) that provides an adequate opportunity to raise any relevant federal questions. In such circumstances, principles of comity and federalism preclude federal actions seeking injunctive or declaratory relief. *Tony Alamo Christian Ministries v. Selig*, 664 F.3d 1245, 1249 (8th Cir. 2012). In this case, there is admittedly an ongoing state proceeding. The validity of a state criminal conviction arguably implicates important state interests. *See Breeze v. Trickey*, 824 F.2d 653, 654 (8th Cir.

---

[3] Although abstention can be waived by a state which expressly and voluntarily submits to federal jurisdiction, *see Morrow v. Winslow*, 94 F.3d 1386, 1390-91 (10th Cir. 1996) (citing *Ohio Civil Rights Comm'n v. Dayton Christian Schools, Inc.*, 477 U.S. 619 (1986)), it is also well established that abstention may be raised by a court *sua sponte*. *Bellotti v. Baird*, 428 U.S. 132, 143 n.10 (1976); *Morrow*, 94 F.3d at 1391-92.

1987). And the ongoing state court proceedings should provide Yuma with an opportunity to raise his federal constitutional arguments.

But dismissal pursuant to *Younger* would be inappropriate without first giving the remaining parties an opportunity to address the issue. The Court will therefore order Yuma to show cause why abstention pursuant to *Younger* is not required.

IT IS ORDERED:

1. Respondent Mark Foxall's Motion to Dismiss (filing 28) is granted.

2. The Motion to Dismiss (filing 30) filed by respondents Eric Holder, Janet Napolitano, and Greg Jensen is granted.

3. Foxall, Holder, Napolitano, and Jensen are dismissed as parties.

4. Yuma is ordered to show cause, by appropriate filing on or before August 9, 2012, why this case should not dismissed pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), and its progeny.

5. Should Yuma file a response to the Court's show cause order, Bruning may respond to that filing on or before August 20, 2012.

6. The Clerk of the Court shall set a show cause deadline of August 9, 2012.

Dated this 24th day of July, 2012.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
United States District Judge

- 5 -