IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KISHEPELE YANNICK YUMA,<br><br>                   Petitioner,<br><br>vs.<br><br>ERIC HOLDER, Attorney General, United States, in his official Capacity, JANET NAPOLITANO, Secretary, Department of Homeland Security, in her official Capacity, GREG JENSEN, Immigration and Customs Enforcement, in his official capacity, MARK FOXALL, Custodian of Petitioner, in his official Capacity, and JON BRUNING, Attorney General, State of Nebraska, in his official Capacity,<br><br>                   Respondents. | 8:12-CV-102<br><br>MEMORANDUM AND ORDER |

       This matter is before the Court on the responses of the petitioner, Kishepele Yannick Yuma, and the only remaining respondent, Jon Bruning, to the Court's show cause order of July 24, 2012 (filing 34). Yuma was directed to show cause why this case should not dismissed pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), and its progeny. Having reviewed Yuma's response and Bruning's reply, the Court finds that cause has not been shown, and dismisses Yuma's claims.

       As described in more detail in the Court's July 24 order (filing 34), Yuma is an asylee who was convicted of an aggravated felony in Nebraska, pursuant to a no contest plea, and is now subject to removal from the United States pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii). Filing 7 at 5. Yuma alleges his plea was the result of ineffective assistance of counsel. Filing 7 at 6. Yuma asserts that he is entitled to a forum in which to collaterally attack what he argues is an unconstitutional conviction. Filing 7 at 3. Yuma asks the Court to order Bruning to provide a hearing at which it can be determined whether he can withdraw his plea. Filing 7 at 8-9.

It is not contested that Yuma is pursuing a collateral attack on his conviction in state court, implicating the *Younger* doctrine. Under *Younger*, federal courts should abstain from exercising their jurisdiction if (1) there is an ongoing state proceeding, (2) that implicates important state interests, and (3) that provides an adequate opportunity to raise any relevant federal questions. In such circumstances, principles of comity and federalism preclude federal actions seeking injunctive or declaratory relief. *Tony Alamo Christian Ministries v. Selig*, 664 F.3d 1245, 1249 (8th Cir. 2012).

In this case, there is admittedly an ongoing state proceeding, and the validity of a state criminal conviction implicates important state interests. *See Breeze v. Trickey*, 824 F.2d 653, 654 (8th Cir. 1987). Yuma concedes these points. Filing 37 at 1. Yuma's argument is that the ongoing state proceeding may not offer an adequate opportunity to raise what he says is the relevant federal question. In the ongoing state litigation, according to Yuma, the issue is whether a Nebraska district court has jurisdiction over a motion to withdraw a plea after the defendant has already served the resulting sentence. Filing 37 at 2-3; *see also State v. Diaz*, 808 N.W.2d 891, 895 (Neb. 2012). So, according to Yuma, whether Nebraska offers an "adequate opportunity" to raise a federal question remains unsettled. Filing 37 at 5.

But that depends on what the federal question at issue in this proceeding actually is. And contrary to what Yuma seems to be suggesting, it is *not* whether Yuma's plea resulted from ineffective assistance of counsel—at least, not any more. Yuma's operative petition did raise that question, with respect to the federal respondents, but the Court already dismissed those respondents, in its July 24 order (filing 34), based on Yuma's failure to state a claim against them. Specifically, the Court concluded that Yuma may not collaterally attack his state court conviction in a habeas petition against immigration officials. Filing 34, citing *Hassan v. Holder*, 446 Fed. Appx. 822, 823 (8th Cir. 2012); *Garcia v. Holder*, 638 F.3d 511, 518 (6th Cir. 2011); *Estrada-Dominguez v. Gonzales*, 217 Fed. Appx. 591, 591-92 (8th Cir. 2007); *Resendiz v. Kovensky*, 416 F.3d 952, 956-58 (9th Cir. 2005); *Taylor v. United States*, 396 F.3d 1322, 1330 (11th Cir. 2005); *Broomes v. Ashcroft*, 358 F.3d 1251, 1254-57 (10th Cir. 2004), *abrogated on other grounds, Padilla v. Kentucky*, 130 S. Ct. 1473 (2010); *Drakes v. I.N.S.*, 330 F.3d 600, 602-06 (3d Cir. 2003); *Izedonmwen v. I.N.S.*, 37 F.3d 416, 417 n.3 (8th Cir. 1994).

As to the remaining respondent—Bruning—Yuma's petition asks the Court to "[i]ssue an order in the nature of mandamus requiring Respondent Jon Bruning to provide an individualized hearing at which a determination can be made whether [Yuma] should be allowed to withdraw his previously entered plea of no contest . . . ." Filing 7 at 8-9. Yuma seeks this relief based on the only "[c]laim" in the petition: that he is "entitled to at least one forum

to collaterally attack an unconstitutional conviction that results in continued, significant restraints on [his] liberty." Filing 7 at 8.

In other words, the federal issue presented here is whether Yuma has a right to collaterally attack his state conviction in state court—which is precisely the issue currently being decided in the state court proceedings. The Nebraska courts are fully capable of deciding, in the first instance, whether Nebraska law permits (or the U.S. Constitution requires) a defendant who has completed his or her sentence to move for withdrawal of a plea. This case, simply put, falls within the heart of the *Younger* doctrine: before asking a federal district court to reorder the rules of criminal procedure in a state court, a petitioner should exhaust state court remedies.[1]

Yuma also suggests that the Court should stay this action, rather than dismiss it. But it makes little sense, generally speaking, to abstain from abstaining. There are no claims here that cannot be addressed in the state proceedings. *Compare Deakins v. Monaghan*, 484 U.S. 193, 202-04 (1988). And the Eighth Circuit has said that where *Younger* abstention is otherwise appropriate, a district court must generally dismiss the action, not stay it pending final resolution of the state proceedings. *Selig*, 664 F.3d at 1251. There are no circumstances present here that warrant departing from the general rule. Therefore, Yuma's claims against Bruning will be dismissed without prejudice. *See Anderson v. Schultz*, 871 F.2d 762, 766 (8th Cir. 1989).

IT IS ORDERED:

1. Yuma's claims against Bruning are dismissed without prejudice.

2. A separate judgment will be entered.

Dated this 31st day of August, 2012.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
United States District Judge

---

[1] Bruning also argues that Yuma cannot obtain relief in federal court. Filing 38 at 2. Given the Court's decision to abstain, the Court does not consider whether Yuma's claim would be cognizable in federal court if the Nebraska state courts decide against him.